## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| DISNEY ENTERPRISES, INC., DC COMICS and SANRIO, INC., | Case No.: 10-5405 |
| Plaintiffs, | Complaint Seeking Permanent Injunction, Damages, Attorneys' Fees and Costs |
| v. | |
| CHICAGO MOONWALKS, INC. d/b/a CHICAGOMOONWALKS and a/k/a CHICAGO MOONWALKS.COM, OLGA GOMEZ d/b/a CHICAGO MOONWALKS, a/k/a CHICAGO MOONWALKS, INC., a/k/a GOMEZ & GOMEZ and CUTBERTO GOMEZ d/b/a CHICAGO MOONWALKS a/k/a CHICAGOMOONWALKS.COM, a/k/a GOMEZ & GOMEZ, | |
| Defendants. | |

## COMPLAINT

Plaintiffs, Disney Enterprises, Inc., DC Comics and Sanrio, Inc., by and through their undersigned attorneys, Partridge IP Law, allege for their Complaint as follows:

### INTRODUCTION

1.     This action has been filed by the Plaintiffs to combat the willful and intentional infringement of their copyrighted properties and trademarks, and includes claims for copyright infringement, federal trademark infringement, unfair competition and dilution. The Defendants, Chicago Moonwalks, Inc., Olga Gomez and Cutberto Gomez, are the owners, operators, and managers of a retail business or related enterprise that is actively selling, offering for sale, renting, offering rental services and/or distributing unauthorized Children's Party Services in conjunction with unauthorized reproductions of the Plaintiffs' copyrighted and trademarked properties.

2.      Plaintiffs seek a permanent injunction, damages, costs, and attorneys' fees as authorized by the Copyright Act, the Lanham Act and Illinois' common law.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1338(a) as the Plaintiffs' cause of action arises under The Copyright Act, 17 U.S.C. §§ 101-1332 and the Federal Trademark Act ("The Lanham Act of 1946"), 15 U.S.C. §§ 1051-1141. Further, this Court has jurisdiction over Plaintiffs' Illinois state statutory and common law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper within the Northern District of Illinois pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

## THE PARTIES

### Plaintiffs

5.      Plaintiff, Disney Enterprises, Inc. (hereinafter referred to as "Disney"), is a corporation duly organized and existing under the laws of the State of Delaware, having its principal place of business in Burbank, California.

A.      Disney, or one of various subsidiary companies wholly owned by Disney, is engaged is a variety of businesses, including the operation of the Walt Disney World resort complex and Disneyland park, producing and distributing motion pictures and television programs, operating stores and hotels, producing and selling books, records and tapes, and providing entertainment. A significant aspect of Disney's business is the merchandising and licensing of distinctive elements associated with its motion pictures and television programs including, but not limited to, the world-famous fanciful characters Mickey Mouse, Minnie Mouse, Donald Duck, Daisy Duck, Goofy and Pluto, as well as from Disney's animated motion

pictures, including, but not limited to, "Cinderella", "Pinocchio," "The Lion King," "Aladdin," "Beauty and the Beast," "The Little Mermaid," "Snow White and The Seven Dwarfs," "Pocahontas," "Hunchback of Notre Dame," "Hercules," "Mulan," "Toy Story," "The Emperors New Groove," and "Lilo and Stitch. Disney also jointly owns the copyrights to the feature movies "A Bug's Life," "Tarzan," "Monsters, Inc.," "Finding Nemo" and "The Incredibles" (hereinafter collectively referred to as "Disney Copyrighted Movies and Characters").

       B.      Each of the Disney Copyrighted Movies and Characters noted in subparagraph A above are covered by a copyright registration with the United States Copyright Office. Various copyright registrations were made in the name of Walter E. Disney. In October 1934, Walter E. Disney assigned his copyrights to Walt Disney Productions Ltd. ("WDPL"), and filed a copy of such assignment ("The Assignment") with the Copyright Office. In September 1938, WDPL and Walt Disney Enterprises ("WDE") and Liled Realty and Investment Company, Ltd., were consolidated into Walt Disney Enterprises. A copy of the consolidation agreement was filed with the Copyright Office. In December 1938, pursuant to an amendment to its articles of incorporation, Walt Disney Enterprises changed its name. A copy of the 1938 certificate of amendment of the articles of incorporation ("The 1938 Name Change") to Walt Disney Productions ("WDP") was filed with the Copyright Office. In February 1986, pursuant to an amendment to its articles of incorporation, WDP changed its name to The Walt Disney Company. A copy of the 1986 certificate of amendment ("The 1986 Name Change") was filed with the Copyright Office. In February 1996, pursuant to further amendment to its articles of incorporation, The Walt Disney Company again changed its name to Disney Enterprises, Inc. A copy of the 1996 certificate of amendment ("The 1996 Name Change") was filed with the

Copyright Office. Some, but not all of the applicable copyright registrations covering the characters and properties noted above are indexed on Exhibit "A".

C.      Disney also owns all rights, title, and interest in and to, and holds the exclusive rights to market and sell merchandise bearing the trademarks, trade names, service marks, artwork, characters and other distinctive elements for and related to the Disney Characters (hereinafter the "Disney Trademarks"). Disney adopted one or more of the Disney Trademarks for diverse articles and registered their trademarks with the United States Patent and Trademark Office. The Disney trademarks are indexed on Exhibit "B".

6.      Plaintiff, DC Comics (hereinafter referred to as DC) is a New York General Partnership consisting of E.C. Publications, Inc. and Warner Communications Inc., having its principal place of business in New York, New York.

A.      DC is one of the largest and most well known publishers of comic magazines in the world. An important aspect of DC's business is the licensing of their distinctive trademarks and copyrights associated with its highly successful and well known characters such as "Batman", "Superman", and "Wonder Woman" (hereinafter collectively referred to as "DC Characters"). Some, but not all of the applicable copyright registrations covering the characters and properties noted above are indexed on Exhibit "A" and the DC Characters trademarks are indexed on Exhibit "B".

B.      Batman first appeared in the May 1939 issue of "Detective Comics". Numerous related characters, including "Robin", "The Riddler", "Two Face", "Catwoman", "The Penguin" and "The Joker" (Batman and the related characters are hereinafter collectively referred to as the "Batman Characters") were soon introduced to the public.

4

C.      Since their introduction, the Batman Characters have been featured in many formats, including movie serials, newspaper comic strips, radio shows, animated television series, live action television series, animated motion pictures, live action motion pictures and theatrical productions. Such motion pictures include "Batman", "Batman Returns", and "Batman Forever". The most recent motion picture featuring the Batman Characters, "The Dark Knight", was released on July 18, 2008, and has generated over Five Hundred Thirty Million Dollars ($530,000,000.00) in domestic box office receipts and over Four Hundred Sixty Five Million Dollars ($465,000,000.00) in international box office receipts.

D.      The revenue from products and services using the DC Characters sold in the United States is substantial. The appearance and other features of the DC Characters are inherently distinctive and serve to identify DC and its licensees as the source of products and services bearing the DC Characters.

E       DC has complied in all respects with the laws governing copyright and has secured the exclusive rights and privileges in and to the copyrights to the DC Copyrighted Designs. DC owns one or more certificates of registration for works in which each of the DC Copyrighted Designs appear. DC owns all right, title, and interest in and to and holds exclusive right to develop, manufacture, market, and sell products bearing the trademark, trade names, service marks, artwork, characters, and other distinctive elements for and incorporating the DC Characters. DC is the owner of world famous registered marks that serve to distinguish DC's products. Each year DC spends millions of dollars to develop and maintain the considerable goodwill it enjoys in its trademarks and in its reputation for high quality.

7.      Plaintiff, Sanrio, Inc. (hereinafter referred to as "Sanrio"), is a corporation duly organized and existing under the laws of the State of California, having its principal place of

business in San Francisco, California. Sanrio is a wholly owned subsidiary of Sanrio Company, Ltd. Sanrio Company, Ltd. is a corporation organized under the laws of Japan, having its principal place of business in Tokyo, Japan (hereinafter referred to as "Sanrio Company").

A. For more than forty years, Sanrio Company has been engaged in the business of manufacturing, distributing and selling a wide range of products including, without limitation, character artwork created, developed and designed by Sanrio Company for use by children and young adults. Certain characters and designs have achieved such global fame and popularity that Sanrio Company has produced and distributed television programming for children based on the character artwork. One such television program is the animated television series entitled *Hello Kitty*.

B. A significant source of revenue for Sanrio Company is the merchandising and licensing of distinctive elements bearing character artwork, including Bad Badtz Maru, Chococat, Hello Kitty, KeroKeroKeroppi, Landy, Little Twin Stars, Monkichi, My Melody, Patty and Jimmy, Pekkle, Picke Bicke, Pochacco, Tuxedo Sam, Winkipinki, and Zashikbuta (hereinafter individually and collectively referred to as the "Sanrio Company Characters").

C. The revenue from products using the Sanrio Company Characters sold in the United States is substantial. The appearance and other features of Sanrio Company's Properties are inherently distinctive and serve to identify Sanrio Company as the source of products bearing the Sanrio Company Characters. The design, configuration and distinctive features of the Sanrio Company Characters and other Sanrio Company copyrighted works, and of works related thereto (hereinafter individually and collectively referred to as the "Sanrio Company Copyrighted Designs") are wholly original with Sanrio Company and, as fixed in various tangible media including, without limitation, merchandise, are copyrightable subject

6

matter under the United States Copyright Act, 17 U.S.C., § 101, *et seq.* Sanrio Company is the owner of the Sanrio Company Copyrighted Designs and, as featured on and in connection with various merchandise, these designs constitute copyrightable subject matter under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.* Some, but not all of the applicable copyright registrations covering the characters and properties noted above in subparagraph B are indexed on Exhibit "A".

D.      Sanrio Company has complied in all respects with the laws governing copyright and has secured the exclusive rights and privileges in and to the copyrights to Sanrio Company's Copyrighted Designs, and Sanrio Company owns one or more certificates of registration for works in which each of Sanrio Company's Copyrighted Designs appear. Sanrio Company's Copyrighted Designs manufactured, sold, and distributed by Sanrio Company or under its authority have been manufactured, sold, and distributed in conformity with the provisions of the copyright laws. Sanrio Company and those acting under its authority have complied with their obligations under the copyright laws. Sanrio, as the exclusive United States licensee for Sanrio Company, is authorized to enforce all right, title, and interest in and to the copyrights in each of Sanrio Company's Copyrighted Designs.

E.      Sanrio Company owns all right, title, and interest in and to and holds exclusive rights to develop, manufacture, market, and sell products bearing the trademarks, trade names, service marks, artwork, characters, and other distinctive elements for and incorporating Sanrio Company's Characters.

F.      Sanrio Company is the owner of world famous registered marks, which serve to distinguish Sanrio Company products. Some of those trademarks have been used continuously for over twenty-five years. Each year Sanrio Company spends millions of dollars

to develop and maintain the considerable goodwill it enjoys in its trademarks and in its reputation for high quality.

G.     Sanrio Company's Trademarks are all valid, extant, and in full force and effect. Sanrio Company's Trademarks are exclusively owned by Sanrio Company. Sanrio Company has continuously used each of Sanrio Company's Trademarks from the registration date, or earlier, until the present and at all times relevant to the claims alleged in this Complaint. Some of the relevant Sanrio Company trademarks are indexed on Exhibit "B".

H.     As a result of advertising and sales, together with longstanding consumer acceptance, Sanrio Company's Trademarks identify Sanrio Company's products and authorized sales of these products. Sanrio Company's Trademarks have each acquired secondary meaning in the minds of consumers throughout the United States and the world. Since issuance of the registrations, Sanrio Company has given notice that the marks are registered pursuant to 15 U.S.C. § 1111 by displaying the registration symbol "®". Sanrio, as the exclusive United States licensee for Sanrio Company, is authorized to enforce all right, title, and interest in and to the copyrights in each of Sanrio Company's Trademarks.

I.     Through Sanrio, Sanrio Company has authorized and licensed the manufacture and sale of various different types of product, which bear the "Sanrio Company Properties" including, but not limited to, soft sculpture toys, mirrors, and similar products.

**Defendants**

8.     Defendant, Chicago Moonwalks, Inc. is an Illinois corporation whose principal place of business is 3245 South Ridgeway, Chicago, IL 60623 and who conducts business through the Internet via the website located at the domain <www.chicagomoonwalks.com> also known as Chicago Moonwalks.

8

9.      Defendant, Olga Gomez, is, upon information and belief, an individual residing at 3245 South Ridgeway, Chicago, IL 60623, who is an officer, founder, and controlling force in the operation of Chicago Moonwalks, Inc. and is doing business as, Chicago Moonwalks, also known as, Chicago Moonwalks, Inc. and Gomez & Gomez.

10.     Defendant, Cutberto Gomez, is, upon information and belief, an individual residing at 3245 South Ridgeway, Chicago, IL 60623, who is doing business as, Chicago Moonwalks, also known as, Chicago Moonwalks.com and Gomez & Gomez .

11.     Defendants will hereinafter be collectively referred to as "Chicago Moonwalks" or "Defendants".

## INFRINGING CONDUCT

12.     The Defendants are in the business of selling, offering for sale, renting, offering rental services and/or distributing unauthorized Children's Party Services featuring counterfeit moonwalks and/or moonwalk panels (hereinafter Children's Party Services). *See* Exhibit "C".

13.     The Defendants advertise, market, sell, offer for sale, rent, offer rental services and/or distribute the Children's Party Services through their website located at domain <www.chicagomoonwalks.com>, which includes photographs of the unauthorized services. *See* Exhibit "C".

14.     The Plaintiffs have never authorized or licensed the Defendants to give, provide, solicit, offer rental services and/or distribute Children's Party Services which include or incorporate their copyrighted works or trademarked properties.

15.     The Plaintiffs have in the past received complaints concerning individuals who have provided Children's Party Services featuring one or more of their copyrighted or trademarked characters, which services were not authorized by the Plaintiffs.

16.     Because the Plaintiffs did not authorize or license the Defendants' Children's Party Services, it cannot control the quality and nature of the moonwalks and/or moonwalk panels and the quality and background of the individual(s) providing the service.

### FIRST CAUSE OF ACTION
### (COPYRIGHT INFRINGEMENT)

17.     Plaintiffs bring the following claim of copyright infringement against the Defendants and incorporate by reference allegations 1 through 16 above.

18.     Defendants are selling, offering for sale, renting, offering rental services, and/or distributing Children's Party Services in conjunction with unauthorized reproductions of the Plaintiffs' copyrighted properties, including but not limited to, "Snow White", "Cinderella", "Ariel", "Batman" and "Hello Kitty".  Photographs of the counterfeit moonwalks and moonwalk panels are attached as Exhibit "C".

19.     Defendants have never been authorized by the Plaintiffs to distribute the Plaintiffs' copyrighted properties; nor have the Plaintiffs ever authorized, licensed, or in any manner allowed the Defendants the right to, provide services, sell, offer for sale, rent, offer rental services and/or distribute any merchandise including, but not limited to, moonwalks and/or moonwalk panels or related merchandise which bear any of said copyrighted properties.

20.     Defendants have sold, offered for sale, rented, offered rental services, and/or distributed Children's Party Services, which incorporate the Plaintiffs' copyrighted properties, in direct violation of the Plaintiffs' copyrights.  Defendants committed their acts with actual as well as constructive knowledge of the Plaintiffs' exclusive rights.  The Defendants' actions have contributed to the infringing, copying, duplication, sale, offer for sale, rental and offer of rental services of counterfeit copies of the Plaintiffs' copyrighted properties.  Each act by the Defendants that infringes one of the Plaintiffs' copyrights is the basis for a separate claim against

10

the Defendants under the Copyright Act.

21.     Upon information and belief, the Defendants' acts as alleged are willful infringements of and have irreparably harmed the Plaintiffs' copyrights and exclusive rights and threaten further infringements and further irreparable harm to the Plaintiffs' copyrights and exclusive rights.  Further harm and injury to the Plaintiffs is imminent, and the Plaintiffs are without an adequate remedy at law with respect to such harm and injury.  Unless Defendants' acts are enjoined and the illicit counterfeiters of the Plaintiffs' copyrighted properties are stopped, it is highly probable that the Defendants, or others under their direction will sell, offer for sale, rent, offer rental services, and/or distribute additional Children's Party Services which utilize the Plaintiffs' copyrighted properties causing further irreparable injury to the Plaintiffs.

22.     Defendants have obtained gains, profit, and advantages as a result of their wrongful acts noted above.

23.     The Plaintiffs are entitled, at their option, to statutory damages as provided by 17.U.S.C. § 504 in lieu of actual damages and the Defendants' profits.

**SECOND CAUSE OF ACTION**
**(TRADEMARK INFRINGEMENT AND TRADEMARK COUNTERFEITING)**

24.     Plaintiffs bring the following claim of trademark infringement against the Defendants and incorporate by reference paragraphs 1–16 and bring the following claim for trademark infringement pursuant to 15 U.S.C. § 1114 against the Defendants.

25.     All of the trademark registrations are in full force and effect and are owned by the Plaintiffs or Plaintiffs' licensors.  Many of the trademarks are incontestable pursuant to 15 U.S.C. § 1065.

26.     Plaintiffs, or those under their authority, manufacture and distribute all of their advertising, products and services in conformity with the provisions of the United States trademark law.

27.     Notwithstanding the Plaintiffs' or their licensors' well-known and prior common law and statutory rights in the trademarks, Defendants have, with actual and constructive notice of the Plaintiffs' federal registration rights and long after the Plaintiffs' established their rights, adopted and used the trademarks in conjunction with the sale, offering for sale, rental, offering rental services, and/or distribution of Children's Party Services in the State of Illinois and interstate commerce.

28.     Defendants have sold, offered for sale, rented, offered rental services, and/or distributed Children's Party Services bearing Plaintiffs' trademarked properties, including but not limited to, "Snow White", "Cinderella", "Ariel", "Batman" and "Hello Kitty", without Plaintiffs' authorization. Defendants' sale, offer for sale, rental, offer of rental services, and/or distribution of Children's Party Services bearing Plaintiffs' trademarks in Illinois and interstate commerce has and will cause the likelihood of confusion, deception, and mistake in that the buying public will conclude that the Defendants' services are authorized, sponsored, approved, or associated with the Plaintiffs.

29.     Said acts of infringement will cause irreparable injury to the Plaintiffs if the Defendants are not restrained by the Court from further violation of the Plaintiffs' rights as the Plaintiffs have no adequate remedy at law.

30.     The Plaintiffs have suffered damages as a result of the Defendants' acts.

31.     Defendants' use in commerce of Plaintiffs' trademarks in conjunction with the sale, offering for sale, rental, offering of rental services, and/or distribution of Children's Party

Services is an infringement of Plaintiffs' registered trademarks in violation of 15 U.S.C. § 1114(1).

32.   Defendants committed the acts alleged herein intentionally, fraudulently, maliciously, willfully, wantonly, and oppressively with the intent to injure the Plaintiffs and their businesses.

33.   The Children's Party Services bearing the Plaintiffs' trademarks that the Defendants sold, offered for sale, rented, offered rental services, and/or distributed, constitutes a counterfeit product pursuant to 15 U.S.C. § 1116(d).

## THIRD CAUSE OF ACTION
### (UNFAIR COMPETITION UNDER THE LANHAM ACT)

34. Plaintiffs incorporate by reference the allegations set forth in paragraphs 1–16 and 24–27 above.

35.   As a direct result of the Plaintiffs' longstanding use, sales, advertising, and marketing, Plaintiffs' trademarks have acquired a secondary and distinctive meaning among the public who have come to identify Plaintiffs' trademarks with the Plaintiffs and their respective services.

36.   The Children's Party Services that the Defendants have sold, offered for sale, rented, offered rental services, and/or distributed exactly duplicates and appropriates Plaintiffs' trademarks and deludes and confuses the public into believing that the Plaintiffs approved, authorized, or sponsored the Children's Party Services sold, offered for sale, rented, offered rental services, and/or distributed by the Defendants.

37.   Defendants, by misappropriating and using the likenesses of Plaintiffs' trademarks in connection with the sale, offering for sale, rental, offering rental services, and/or

distribution of Children's Party Services, are misrepresenting and will continue to misrepresent and falsely describe to the general public the origin and sponsorship of their services.

38.     Defendants have caused such services to enter into interstate commerce willfully with full knowledge of the falsity of the designation of their origin and description and representation in an effort to mislead the purchasing public into believing that their services are authorized or emanate from the Plaintiffs.

39.     These acts constitute a violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

40.     The Defendants have obtained gains, profits, and advantages as a result of their unlawful acts.

41.     The Plaintiffs have suffered monetary damages as a result of the Defendants' acts.

## FOURTH CAUSE OF ACTION
### (UNFAIR COMPETITION UNDER ILLINOIS' COMMON LAW)

42.     Plaintiffs repeat and reallege paragraphs 1–16, 17-20, 24-27, and 34-36 of this Complaint.

43.     Plaintiffs have expended significant sums of money in advertising and marketing their services and in creating a consumer demand for such services in Illinois and elsewhere in the United States. Consequently, these services have become widely known and accepted.

44.     Defendants have sold, offered for sale, rented, offered rental services, and/or distributed Children's Party Services bearing exact copies of Plaintiffs' trademarks in Illinois, thereby passing them off as services authorized and/or distributed by the Plaintiffs.

45.     Defendants have knowingly and willfully appropriated Plaintiffs' trademarks in an effort to create the impression that the Defendants' counterfeit services are sanctioned by the Plaintiffs and to misappropriate all of the goodwill associated with Plaintiffs' trademarks.

14

46.     The Defendants' acts constitute unfair competition and will, unless enjoined by this Court, result in the destruction or dilution of the goodwill in Plaintiffs' trademarks and of Plaintiffs' valuable trademark rights to the unjust enrichment of the Defendants.

47.     The unauthorized services that are sold, offered for sale, rented, offered for rent, and/or distributed by the Defendants are calculated and likely to deceive and mislead the purchasers who buy and/or rent them in the belief that they originate with or are authorized by the Plaintiffs.

48.     The continued passing off by the Defendants of such unauthorized services as if such services originated from the Plaintiffs has caused and, unless restrained, will continue to cause serious and irreparable injury to the Plaintiffs.

49.     The Plaintiffs have no adequate remedy at law and suffers irreparable harm as a result of the Defendants' acts.

50.     The Plaintiffs have suffered damages as a result of the Defendants' acts.

51.     Defendants committed the alleged acts intentionally, fraudulently, maliciously, willfully, wantonly, and oppressively with the intent to injure the Plaintiffs' and their businesses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand entry of a judgment against the Defendants as follows:

1.     Permanent injunctive relief restraining the Defendants, their officers, agents, servants, employees, attorneys, and all those in active concert or participation with them from:

a.     further infringing Plaintiffs' copyrighted properties, trademarks, and licensed trademarks by, providing services, producing, distributing, circulating, selling, marketing, offering for sale, renting, offering for rent, advertising, promoting, displaying, or otherwise disposing of any services not authorized by the Plaintiffs including, but not limited to,

Children's Party Services, bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of any of Plaintiffs' copyrighted properties and/or trademarks;

b.      using any simulation, reproduction, counterfeit, copy, or colorable imitation of any of Plaintiffs' copyrighted properties, trademarks, and licensed trademarks in the promotion, advertisement, display, sale, offering for sale, rental, offering of rental services, circulation, and/or distribution of Children's Party Services in such fashion as to relate or connect, or tend to relate or connect, such services in any way to the Plaintiffs or to any goods and/or services sold, manufactured, sponsored, or approved by or connected with the Plaintiffs;

c.      making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act that can or is likely to lead the trade or public, or individual members thereof, to believe that any services sold, offered for sale, rented, offered for rental services, and/or distributed by the Defendants are in any manner associated or connected with the Plaintiffs, or are sold, manufactured, licensed, sponsored, approved, or authorized by the Plaintiffs;

d.      engaging in any other activity constituting unfair competition with any of the Plaintiffs, or constituting an infringement of any of Plaintiffs' trademarks or of Plaintiffs' rights in, or to use or to exploit said trademarks, or constituting any dilution of any of the Plaintiffs' names, reputations, or goodwill;

e.      effecting assignments or transfers, forming new entities or associations or using any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in Subparagraphs a. through d.;

f.      secreting, destroying, altering, removing, or otherwise dealing with the Children's Party Services or any books or records that may contain any information relating to

16

the importing, distributing, circulating, selling, marketing, offering for sale, renting, offering for rent, advertising, promoting, or displaying of all Children's Party Services that infringe any of the Plaintiffs' trademarks or copyrights; and

      g.      from aiding, abetting, contributing to, or otherwise assisting anyone from infringing upon any of the Plaintiffs' trademarks or copyrights.

      2.      Directing that the Defendants deliver for destruction all Children's Party Services including moonwalks, moonwalk panels, labels, signs, prints, packages, wrappers, receptacles, and advertisements in their possession or under their control bearing any of Plaintiffs' copyrights and/or trademarks or any simulation, reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, heat transfers, screens, and other means of making the same.

      3.      Directing that the Defendants report to this Court within thirty (30) days after a permanent injunction is entered to show their compliance with paragraphs 1 and 2 above.

      4.      Directing such other relief as the Court may deem appropriate to prevent the trade and public from gaining the erroneous impression that the Plaintiffs authorized or are related in any way to any services, sold, offered for sale, distributed, rented, offered for rental services, or otherwise circulated or promoted by the Defendants.

      5.      Awarding to the Plaintiffs from the Defendants, as a result of the Defendants' sale and/or rental of Children's Party Services bearing the Plaintiffs' trademarks, three times the Plaintiffs' damages and three times the Defendants' profits, after an accounting, or statutory damages, should the Plaintiffs opt for such relief, consisting of Two Hundred Thousand Dollars ($200,000.00) for each of the Plaintiffs' trademarks infringed upon by the Defendants, and to the extent this Court concludes such infringement was willful, Two Million Dollars ($2,000,000.00)

for the Plaintiffs' trademarks infringed upon by the Defendants pursuant to 15 U.S.C. § 1114 and § 1117.

6.     Awarding to each Plaintiff, from the Defendants sale and/or rental of Children's Party Services, three times their damages therefrom and three times Defendants' profits therefrom, after an accounting, pursuant to 15 U.S.C. § 1125(a) and § 1117.

7.     That the Plaintiffs be awarded from each Defendant found to be in violation of their copyrighted properties, the Defendant's profits, or at the Plaintiff's election, an award of statutory damages pursuant to 15 U.S.C. § 504, of no less than Seven Hundred and Fifty Dollars ($750.00) nor more than Thirty Thousand Dollars ($30,000.00) per copyrighted property infringed upon by each Defendant, at the Court's discretion, or should this Court find that such infringement was willful, that this Court, pursuant to its discretion, award statutory damages of up to One Hundred and Fifty Thousand Dollars ($150,000.00) for each copyrighted property infringed upon by each such Defendant.

8.     Awarding to the Plaintiffs their reasonable attorneys' fees and investigative fees pursuant to 15 U.S.C. § 1117.

9.     Awarding to the Plaintiffs their costs in bringing this action.

10.     Awarding punitive damages to the Plaintiffs for the Defendants' willful acts of unfair competition under Illinois' common law.

11.     Awarding other such relief to the Plaintiffs as this Court deems just.

Dated this 26th day of August, 2010.

Mark V.B. Partridge (ID No. 6181230)
Colin T.J. O'Brien (ID No. 6283647)
Partridge IP Law, P.C.
161 North Clark Street
Suite 4700
Chicago, IL 60601
Telephone: 312-634-9500
Email: mark@partridgeiplaw.com

**Attorney for Plaintiffs**